

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT W. JOHNSON,

        Plaintiff,

     -v-                              22-CV-563 (JLS)

ERIE COUNTY CITY COURT; ERIE
COUNTY COURT; ELEANA, Erie
County City Court; SCOTT KROLL;
TIMOTHY A. BALL; RENEE, Erie
County Court; LYNN 1, Erie County
City Court; LYNN 2, Erie County City
Court; KENDRA, Erie County Court;
CHIEF CLERK OF ERIE COUNTY;
JOSEPH LEDWIN; MELISSA PEREZ;
BUFFALO POLICE DEPARTMENT;
NEW YORK STATE; KATHY
HOCHUL; and JAMES REESE,

        Defendants.

_____

## DECISION AND ORDER

*Pro se* Plaintiff Robert W. Johnson seeks relief under 42 U.S.C. § 1983. Dkt.

1. Johnson seeks permission to proceed *in forma pauperis*. Dkt. 2. He also filed a

motion to seal his convictions (Dkt. 3) and a motion requesting mediation (Dkt. 4).

Because Johnson meets the statutory requirements of 28 U.S.C. § 1915(a), the

Court grants him permission to proceed *in forma pauperis*. But because Johnson

fails to state a claim on which relief may be granted, the complaint must be

dismissed.[1]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

[1] Because Johnson asked to proceed *in forma pauperis*, the Court elects to screen his
complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. Martin*, 250 F. App'x

## LEGAL STANDARD

Section 1915 "provide[s] an efficient means by which a court can screen for

and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Section

1915(e)(2)(B) requires *sua sponte* dismissal of claims that are frivolous or malicious,

fail to state a claim on which relief may be granted, or seek monetary relief against

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii);

*see Alvarez v. Garland*, 33 F.4th 626, 630 (2d Cir. 2022) (when reviewing an *in*

*forma pauperis* motion, a court first considers whether the claims being pursued

pass muster under § 1915(e)(2)(B); if not, the court is "statutorily obliged" to dismiss

the complaint).  A complaint "is frivolous where it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  As the Second Circuit

has noted, "[s]*ua sponte* dismissal of a *pro se* complaint prior to service of process is

a draconian device which is warranted only when the complaint lacks an arguable

basis either in law or in fact [or is] frivolous on its face or wholly insubstantial."

*Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (citations omitted).

Generally, courts will afford a *pro se* plaintiff an opportunity to amend or to

be heard prior to dismissal "unless the court can rule out any possibility, however

---

438, 439 (2d Cir. 2007) (summary order) ("District courts are not required to screen
complaints filed *in forma pauperis* except in cases where a prisoner seeks civil
redress from a governmental entity.") (citing 28 U.S.C. § 1915A); *Key v. Does*, 217 F.
Supp. 3d 1006, 1007–08 (E.D. Ark. 2016) (setting forth the "history and structure"
of Section 1915 and collecting cases holding that non-prisoner complaints can be
screened and dismissed pursuant to Section 1915(e)(2)(B)).

unlikely it might be, that an amended complaint would succeed in stating a claim."
*Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend
pleadings may be denied when any amendment would be futile. *See Cuoco v.
Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

As courts in this circuit have recognized, Johnson "has an extensive and
abusive litigation history, and he is subject to numerous bar orders/filing
injunctions in at least the Southern District of New York, District of Connecticut,
Southern District of Ohio, and Eastern District of Ohio." *Johnson v. Russo*, No.
522CV00439GTSTWD, 2022 WL 1490375, at *2 (N.D.N.Y. May 11, 2022) (collecting
cases), *report and recommendation adopted*, No. 522CV0439GTSTWD, 2022 WL
2230347 (N.D.N.Y. June 21, 2022).[2] The District of Connecticut "permanently
enjoined [Johnson] from bringing any future case as a self-represented plaintiff in
the District of Connecticut without leave of the Court." *Johnson v. Vera House, Inc.*,
No. 3:22CV00314(SALM), 2022 WL 829337, at *5 (D. Conn. Mar. 18, 2022). The
court further ordered:

> If Mr. Johnson files any action in any District Court within the Second
> Circuit in the future, he must attach a copy of this Order to his
> Complaint. The District Courts of the Second Circuit are the District
> of Connecticut; the District of Vermont; and the Eastern, Northern,
> Southern, and Western Districts of New York.

---

[2] Additionally, Johnson "has been warned by the District of Vermont and the
Second Circuit that the continued filing of frivolous appeals could result in a filing
injunction." *Russo*, 2022 WL 1490375, at *2 (citing *Johnson v. Wolfe*, 19-3891, 2020
WL 2544909, at *1 (2d Cir. May 7, 2020)); *see* Dkt. 3, at 13–14 (imposing Second
Circuit "leave-to-file" sanction).

*Id.* While Johnson commenced this action on July 20, 2022—after the District of

Connecticut's order—he failed to attach a copy as directed.[3] *See* Dkt. 1.

In any event, Johnson fails to present "colorable claim[s]" under section 1983.

*Benitez*, 907 F.2d at 1295.  His claims against New York State, Erie County Court,

Buffalo City Court[4], and the individual Defendants in their official capacities must

be dismissed because these Defendants are not proper parties to a section 1983

action.[5]  *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor

---

[3] The Northern District of New York previously dismissed a similar action that
Johnson brought against, among others, Erie County Courts, Buffalo Police
Department, Timothy A. Ball, James Reese, and Kathy Hochul.  *See Johnson v.
NICS*, No. 522CV523BKSATB, 2022 WL 2955195, at *1 (N.D.N.Y. June 21, 2022),
*report and recommendation adopted*, No. 522CV523BKSATB, 2022 WL 2955007
(N.D.N.Y. July 26, 2022) ("Considering the deficiencies in plaintiff's pleading,
coupled with his history of abusive, frivolous filings, this court has no option but to
recommend dismissal.").  In that case, the "gravamen of plaintiff's complaint [was]
that he was 'denied gun purchases [in 2022] due to falsified court prosecutions,
indictments, and criminal records.'"  *Id.* at *1.  Johnson sought essentially same
relief as here—$100,000,000 in punitive damages and expungement of his state
court convictions.  *See Johnson v. NICS*, 5:22-cv-00523, Dkt. 1, at 10 (N.D.N.Y.).
Moreover, he attached records for the two state court convictions referenced in the
complaint here.  *Id.* at 13–16; Dkt. 1, at 6.

[4] Johnson names "Erie County City Court" as a Defendant.  Dkt. 1, at 1.  The Court
presumes that Johnson intends to assert claims against Buffalo City Court.

[5] Johnson also names the Buffalo Police Department as a Defendant.  Dkt. 1, at 3.
Any claims against the Buffalo Police Department must be dismissed because "[a]
police department is an administrative arm of the municipal corporation" and
"cannot sue or be sued because it does not exist separate and apart from the
municipality and does not have its own legal identity."  *United States v. Bommer*,
613 F. Supp. 3d 712, 719 (W.D.N.Y. 2020) (citation omitted); *see id.* ("[T]o the extent
that Plaintiff seeks to assert a claim against the Buffalo City Police, such claim is
dismissed with prejudice.").

4

one of its agencies nor an official of that agency sued in his or her official capacity is

a 'person' under § 1983."); *see also Donlon v. City of Hornell*, No. 23-CV-6096-FPG,

2023 WL 1784669, at *1 (W.D.N.Y. Feb. 6, 2023) ("[I]t is well-established that the

New York State Unified Court System is not a 'person' within the meaning of

[section] 1983 and as such, cannot be sued under that statute.") (internal quotation

marks and citation omitted).[6]

Moreover, Johnson's conclusory allegations fail to state a claim.[7] *See Abreu v.*

*Brown*, No. 6:14-CV-06599 EAW, 2018 WL 565280, at *2 (W.D.N.Y. Jan. 22, 2018)

---

[6] Both Erie County Court and Buffalo City Court are part of the New York State
Unified Court System. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)
("The County Court of the State of New York is an integral part of the State's
Unified Court System."); *Bommer*, 613 F. Supp. 3d at 719 ("The Buffalo City Court
is . . . a part of the New York State Unified Court System."). Thus, Johnson's claims
for damages against New York State, Erie County Court, Buffalo City Court, and
the individual defendants in their official capacities are also barred by the Eleventh
Amendment. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) ("New York has
not waived its immunity [under section 1983], nor has Congress abrogated it.")
(citations omitted); *Gollomp*, 568 F.3d at 368 (holding that "the New York State
Unified Court System is unquestionably an 'arm of the State,' and is entitled to
Eleventh Amendment sovereign immunity") (internal citation omitted); *Ying Jing
Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that such
a claim is asserted against the state official in his official capacity, he may assert
the state's Eleventh Amendment immunity against suit.").

[7] Johnson's allegations also fail to meet the pleading requirements of Federal Rule
of Civil Procedure 8. Although "a court is obliged to construe [*pro se*] pleadings
liberally, particularly when they allege civil rights violations, even pleadings
submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules
of Civil Procedure." *Frein v. Schumer*, No. 21-CV-439-LJV, 2021 WL 3087588, at *1
(W.D.N.Y. June 23, 2021), *appeal dismissed*, No. 21-1762, 2022 WL 2836742 (2d Cir.
Mar. 2, 2022) (internal quotation marks and citations omitted). The complaint does
not include specific allegations against any of the individual Defendants. *See* Dkt.
1, at 6. Thus, Johnson fails to give Defendants "fair notice" of the claims against

("A plaintiff's conclusory allegation of a constitutional violation, without more, fails

to state a claim on which relief may be granted."). To avoid *sua sponte* dismissal of

a section 1983 claim, "a plaintiff must allege that (1) the defendant was a state

actor, i.e., acting under color of state law, when he committed the violation and (2)

the defendant deprived the plaintiff of rights, privileges or immunities secured by

the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961,

964 (2d Cir. 2015) (internal quotation marks and citation omitted). And it "is well

settled in this Circuit that personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under [section]

1983."[8] *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

---

them and the "grounds upon which [those claims] rest[ ]." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see Frein*, 2021 WL 3087588, at *2.

[8] In his complaint, Johnson seeks "expunge[ment] [of his] criminal history." Dkt. 1, at 6, 7. And he filed a "Motion to Seal and Dismiss Convictions and Indictments." *See* Dkt. 3. Johnson apparently requests relief pursuant to N.Y. Criminal Procedure Law § 440.10, which provides the grounds upon which *"the court in which [the judgment] was entered* may, upon motion of the defendant, vacate such judgment . . . ." (emphasis added); *see* Dkt. 3, at 2. Johnson does not allege that he has ever been convicted in this Court, and it therefore is not the proper venue for his motion. Moreover, to the extent that Johnson requests to seal records pursuant to CPL § 160.59, this Court is also not the proper venue for such a motion. CPL § 160.59 provides that "[a] defendant who has been convicted of up to two eligible offenses but not more than one felony offense may apply *to the court in which he or she was convicted* of the most serious offense to have such conviction or convictions sealed." (emphasis added). Additionally, attached to his motion for mediation, Johnson submitted a decision from the state court denying his request to seal because he does not qualify under CPL § 160.59 as a matter of law. *See* Dkt. 4, at 5–8. Johnson's request for discovery on these issues is therefore denied.

Johnson alleges that "all Defendants" "falsified court documents," "falsified records for 00862-2003 and 00084-2004," and "failed to disclose divestitures for 00862-2003 and 00084-2004 that resulted in [his] wrongful imprisonment." Dkt. 1, at 6. Johnson does not allege any facts to demonstrate that the individual Defendants were personally involved in the alleged deprivation of his constitutional rights. *See id.* Because Johnson fails to plead *any* non-conclusory factual allegations to support his claims against the individual Defendants, those claims must also be dismissed. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning."); *Izeh v. City of New York*, No. 1:23-CV-0194 (LTS), 2023 WL 2088180, at *4 (S.D.N.Y. Feb. 16, 2023) (dismissing plaintiff's section 1983 claims where Plaintiff "d[id] not allege any facts showing how the [individual defendants] [were] personally and directly involved in the alleged violations of his federal constitutional rights"); *Morgan v. LeClaire*, No. 08-CV-04867 (BMC), 2008 WL 5377952, at *2 (E.D.N.Y. Dec. 23, 2008) (dismissing section 1983 claims where "there [was] no allegation that either of the[] defendants w[ere] personally involved in the alleged deprivation of plaintiff's constitutional rights").

Furthermore, the statute of limitations for these claims has likely expired. Section 1983 actions filed in New York are subject to a three-year statute of limitations. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Here, from the

7

sparse allegations in the complaint, it appears Johnson's claims are based on Defendants' alleged conduct in connection with two of his state court convictions, occurring in 2003 and 2004. *See* Dkt. 1, at 6. Thus, any section 1983 claims based on such conduct is barred by the statute of limitations.

While district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Because New York State, Erie County Court, Buffalo City Court, and the individual Defendants in their official capacities are not proper parties to a section 1983 action, any amendment to the claims against them would be futile. *See Harvin v. Chapdelaine*, No. 3:16-CV-1616(VAB), 2016 WL 7197363, at *5 (D. Conn. Dec. 9, 2016) (holding that amendment would be futile because Connecticut Department of Correction is not a person for the purposes of section 1983).

Moreover, Johnson fails to plead any factual support for his section 1983 claims against the individual Defendants in their individual capacities. He has a history of vexatious litigation in this circuit, he did not comply with the District of Connecticut's filing requirement, and any amendment would be futile because his section 1983 claims are barred by the statute of limitations. *See Spencer v. Holley Cent. Sch. Dist.*, No. 09-CV-6351, 2011 WL 13359546, at *3 (W.D.N.Y. Sept. 30, 2011) ("An amendment to a pleading is futile where the claim is barred by the applicable statute of limitations period."). Thus, leave to amend is denied. *See Fuentes v. Tilles*, 376 F. App'x 91, 92 (2d Cir. 2010) (affirming district court's denial

8

of leave to amend where the complaint "plainly failed to 'plead[ ] factual content

that allows the court to draw the reasonable inference that the defendant[s are]

liable for the misconduct alleged'"); *Johnson v. Progressive.com*, No. 19-CV-11202

(CM), 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (denying leave to amend "in

light of [Johnson]'s abusive litigation history"); *Deutsch v. Morton*, 101 F.3d 683 (2d

Cir. 1996) ("[I]n light of [Plaintiff's] long history as a vexatious litigant, [the court]

did not abuse [its] discretion by dismissing the petition without providing [Plaintiff]

leave to amend.").[9]

## CONCLUSION

For the above reasons, Johnson's complaint (Dkt. 1) is DISMISSED. His

motion to seal (Dkt. 3) and motion for mediation (Dkt. 4) are DENIED. The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment

would not be taken in good faith and, therefore, DENIES leave to appeal as a poor

person. *See Coppedge v. United States*, 369 U.S. 438, 444–46 (1962). The Clerk of

Court is directed to close this case.

SO ORDERED.

Dated:     May 2, 2023
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[9] Johnson's motion for mediation (Dkt. 4) is denied as moot.